## Owings and Others *v.* Owings.

A son being the owner of the undivided half of a tract of land, purchased for his father the other half, the latter furnishing the means, but took the deed in his own name; it being understood that the father would, in a short time, remove from *Ohio* to the land, when they would divide the tract to suit them. The father did remove to the land, the division was made, and the father took possession of his half; but no deed was executed to him. Afterwards, the son having paid certain money for the father, it was agreed between them in writing, in consideration thereof, that the title to the father's share of the land should remain in the son, and that the father and his wife should have the privilege of occupying the same during their lives. *Held*, that the trust-estate of the father was extinguished by the execution of the said writing.

ERROR to the *Grant* Circuit Court.

Smith, J.—The bill in chancery filed in this case charges, substantially, the following facts:

Nov. Term,
1851.

Owings
v.
Owings.

In the year 1836, *George W. Owings*, a son of the complainant, and one *Carter* entered two half-quarter sections of land at the land office at *Fort Wayne*. During the same year, at the complainant's request, *George W. Owings* purchased the undivided interest of *Carter* in the quarter section for the complainant, the latter paying for it. *Carter*, however, made the deed to *George W. Owings*, it being understood that the complainant, who then resided in *Ohio*, would, in a short time, remove to the land so purchased, and that he and the said *George* would then divide the whole tract in such manner as would suit them. The complainant did, during the same year, remove to the land, and a division was made, the complainant taking possession of his half, which possession he still retains.

The bill then charges that as the said *George* was a son of the complainant and the latter had full confidence that he would faithfully fulfill the trust thus vested in him, the complainant did not insist upon a deed being made to him, and none was made; that, in 1845, *George* married *Ruth Owings*, by whom he had two children, who are infants, and that *George* died in 1847, without having made a conveyance to the complainant.

*Ruth Owings* answered, saying that she has no personal knowledge of the facts relating to the purchase of the land, but is informed and believes that *George* purchased the land of *Carter* for his own use; and that if the complainant furnished the money it was in payment of a debt he owed *George*. She also states that though the complainant is in possession of the land in question, she is informed and believes that he is in upon a lease for life only, or by a privilege which *George* gave the complainant and his wife to occupy the same during their lives.

A guardian *ad litem* filed the usual answer for the infant defendants.

The cause was set down for hearing on the bill, answers, and depositions, and the Court decreed a deed to the complainant.

Upon an examination of the testimony taken in the

cause, we are of opinion that this decree should not have been made. The principal facts charged in the bill are, it is true, sufficiently proved; but there is also proof, that, in consideration of *George* having paid certain money for the complainant, it was agreed by them that the title to this land should remain in *George*, and that the complainant and his wife should have the privilege of residing on the part occupied by them during their lives. A bond or lease to this effect was executed by *George*, and taking all the testimony together we think it proves that this was the real nature of the agreement as understood between the parties during the life-time of *George*. Such being the case, the heirs of *George* cannot be considered as holding the title in trust for the complainant.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, with instructions to the Circuit Court to dismiss the bill.

- *J. Brownlee*, for the plaintiff.

*T. J. Sample*, for the defendants.